IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2008-cv-01613-RPM-BNB

TAYLOR, BEAN & WHITAKER MORTGAGE CORP., a Florida corporation,

    Plaintiff,

v.

CLARION MORTGAGE CAPITAL, INC., a Colorado corporation;
NATIONAL CITY MORTGAGE COMPANY, an Ohio corporation;
UPSTREET DEVELOPMENT, LLC, a Colorado limited liability company;
JON C. THOMPSON, individually;
LEGACY CONSTRUCTION SERVICES, LLC, a Colorado limited liability company;
CHRIS FOSTER, individually;
JAMES BARNETT, individually;
JEWELS DEVELOPMENT AND CONSTRUCTION SERVICES, LLC, a Colorado limited liability company;
CURT KARLEN, individually; and
BRYCE MOEDER, individually,

    Defendants.

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between counsel for Taylor, Bean & Whitaker Mortgage Corp.; Clarion Mortgage Capital, Inc.; National City Mortgage Company; Upstreet Development, LLC; Jon C. Thompson; Chris Foster; and James Barnett (collectively, the "Parties") that the terms and conditions of this Stipulated Protective Order shall govern the handling of certain documents, answers to interrogatories, depositions, pleadings, exhibits, hearing transcripts, and other documents and information exchanged by the Parties in this action (the "Action"). Upon a showing of good cause in support of the entry of a protective order to

protect the disclosure, discovery, and dissemination of confidential information or information that could improperly annoy, embarrass, or oppress any Party, witness, or person providing disclosures or discovery in the Action, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents disclosed or produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. In order to be protected under this Protective Order, the Parties must designate information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION." CONFIDENTIAL INFORMATION shall include information and documents in whatever format any Party reasonably believes contains or discloses the disclosing person's financial information, borrower nonpublic personal information, sales and pricing information, business forecasts, models, and/or strategies, the terms of executory contracts, trade secrets, or proprietary business information or material, or other commercially sensitive or currently valuable information that is (a) unavailable to the public, (b) not readily determinable from public sources, (c) generally treated as confidential by the disclosing person, and (d) of such a nature that its disclosure reasonably could have a serious adverse impact on the person producing it. ATTORNEYS' EYES ONLY INFORMATION is CONFIDENTIAL INFORMATION that includes the producing person's proprietary, commercially valuable,

and/or competitively sensitive information that is so commercially sensitive or confidential that disclosure to competitors in the market reasonably would likely have a materially adverse competitive impact on the designating person. A Party shall make such designations only as to materials or testimony that that Party in good faith believes contains CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. Any Party's failure to object to the designation as to any material or testimony shall not be deemed an admission that such material or testimony constitutes confidential material or is otherwise properly protectable under Fed. R. Civ. P. 26(c). CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION shall be used by the receiving Party or Parties solely for the purpose of conducting this litigation, pursuant to the terms and conditions of this Protective Order, and not for any other purpose whatsoever, specifically including, without limitation, the solicitation or other contacting of employees of the producing person for purposes unrelated to this litigation.

4.      CONFIDENTIAL INFORMATION, without the consent of the person producing it or further Order of the Court, may be disclosed to the following persons only:

(a)     attorneys actively working on the Action and their partners, associates, legal assistants, or other employees of such attorneys assisting in the prosecution or defense of the Action; and in-house attorneys and legal assistants of any corporate Party assisting in the prosecution of defense of the Action;

(b)     the Parties, which, for purposes of this Protective Order, includes employees, managers, officers, and directors of a corporate Party;

(c)     the Court, including court personnel, court reporters, and persons operating video recording equipment at depositions in the Action (collectively, "Court Personnel");

(d)  deponents, witnesses, or potential witnesses;

(e)  outside experts or consultants (and their employees), employed or retained by any Party or his or its counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Action;

(f)  any mediator in the Action; and

(g)  other persons by written agreement of the Parties.

5.  ATTORNEYS' EYES ONLY INFORMATION, without the consent of the Party producing it or further Order of the Court, may be disclosed to the following persons only:

(a)  outside counsel retained by the Parties actively working on the Action and their partners, associates, legal assistants, or other employees of such attorneys assisting in the prosecution or defense of the Action;

(b)  Court Personnel;

(c)  outside experts or consultants (and their employees), employed or retained by any Party or his or its counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Action;

(d)  other persons by written agreement of the Parties; or

(e)  any mediator.

6.  This Protective Order shall not apply to any disclosure if (a) prior written consent to such disclosure has been obtained from counsel for the responding Party, or (b) authorization for such disclosure has been given by the Court. Depositions in which CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION will be disclosed shall be taken only in the presence of persons identified in Paragraph 4 or 5 of this Protective Order,

as applicable. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION may be offered in evidence at trial or at any Court hearing, subject to prior Court approval.

7.      Prior to disclosing any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a declaration in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. Such declarations shall be maintained by counsel authorizing the disclosure. The declarations of persons identified pursuant to Rule 26(a)(2) and (3) of the Federal Rules of Civil Procedure may be inspected by counsel for any other Party upon reasonable request. The declarations of all other persons may be inspected by counsel after the conclusion of the Action (i.e., settlement, summary judgment, trial, and/or all appeals).

8.      Documents shall be designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility and that does not cover any text or content of a document) the following notice: "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" on each and every separate page or item of the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, regardless of form. Other produced documents that quote, summarize, or contain CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION must also be marked accordingly to acquire protection under this Order. Any Party may designate as CONFIDENTIAL

INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION any documents or information that have been produced without such designation by the producing Party, within thirty (30) days of production of such documents or information, by producing to all Parties copies of the documents or information with the foregoing legend or by separately identifying such documents by document number.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Unless other arrangements are agreed upon in writing, the Parties shall treat all depositions as containing ATTORNEYS' EYES ONLY INFORMATION for thirty (30) days following notice by the court reporter of the completion of the transcript.

10. No copies of CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION shall be made except by or on behalf of counsel for one of the Parties in the Action for work product purposes or for review by persons identified in Paragraphs 4 or 5 of this Protective Order. Any such copies shall be made and used solely for purposes of the Action.

11. The Party producing information required to be redacted if contained in a document filed with the Court pursuant to Fed. R. Civ. P. 5.2 shall not be required to perform such redaction prior to producing such document. Such redaction shall be the responsibility of any Party that submits such document to the Court. Any Party wishing to file CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION with the Court shall comply with Rule 5.2 of the Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of Practice for the United States District Court for the District of Colorado, and any other rule governing the filing of motions to seal in the Action.

12. Unless the parties agree otherwise, CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall not be filed with, or referred to in documents filed with, the Court, other than as follows: (i) in a generic manner that does not permit identification of specific CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION contained within the CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION, or (ii) under seal pursuant to Paragraph 11 above.

13. A Party may object to the designation of particular CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION to file an appropriate motion requesting that the Court determine

whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and shall not thereafter be treated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

14.     The inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION to the receiving Party shall not preclude the responding Party from later designating such information as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION. In the event that the responding Party inadvertently fails to stamp or otherwise to designate information as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION at the time of its disclosure, the responding Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION.

15. Within forty-five (45) days from the conclusion of the Action (i.e., settlement, summary judgment, trial, and/or all appeals), unless other arrangements are agreed upon in writing, the receiving Party and his or its counsel shall exercise their best efforts to ensure that all CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION in the possession of the receiving Party, and all copies thereof, produced by the responding Party or otherwise obtained from the responding Party, shall be promptly returned to the responding Party, or, at the written request of the responding Party, destroyed, except such copies, summaries and excerpts thereof as may be in the files of the Court or incorporated as part of briefs, motions, or similar court papers, and except such summaries or excerpts incorporated as part of work product prepared by counsel to the Action. Notwithstanding any other provision of this Paragraph to the contrary, each lead attorney for each Party shall have the right to maintain in his or her files exactly one copy of each document containing CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION produced by the other Party for a period of no greater than ten (10) years following the conclusion of the Action after which such attorney shall destroy all such CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY, and no person other than the lead attorney or her and his partners, associates, legal assistants, or other employees may be given access to such CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION during such ten-year period, unless access is required to comply with an order of a court having competent jurisdiction.

16. Nothing in this Order shall preclude any Party to the Action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or

documents not obtained in discovery in the Action, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this arbitration and designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

17.   Nothing in this Order shall preclude any Party to the lawsuit or their attorneys: (a) from showing a document designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION to an individual who either prepared or reviewed the document prior to the filing of the Action, (b) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files that the Party itself has designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, or (c) from showing a Party witness any document designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by that Party.

18.   The production of any document or materials, or the presentation of any testimony, by the Parties under this Protective Order shall be without prejudice to any subsequent claim that such material is protected from discovery by reason of law, statute, or privilege. No Party shall assert in the Action or after the conclusion of the Action that the disclosing Party has waived any rights or privilege by producing CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION in the course of the Action. Furthermore, no Party shall assert after the conclusion of the Action that production of CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION in the Action constitutes a waiver of a Party's right to assert the material is a CONFIDENTIAL

INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION in any concurrent and/or subsequent litigation, arbitration, or proceeding.

19.   Upon being provided with notice that a Party has produced documents subject to a claim of privilege or protection as attorney work product ("Privileged Documents"), which notice shall be provided within a reasonable time following production of Privileged Documents, the receiving Party shall promptly return, sequester, or destroy, in accordance with the producing Party's request, all Privileged Documents, and any copies or reproductions thereof (physically or electronically imaged or otherwise) that may be produced by the producing Party, except for any such Privileged Documents the Court determines the receiving Party may retain. If the Party receiving the Privileged Documents believes in good faith that any such Privileged Documents are not protected under a privilege or as work product, or that such protections have been waived, the receiving Party may, within three (3) days of receipt of the producing Party's demand for return of the Privileged Documents, provide the producing Party with a written notice stating, with specificity, why the receiving Party believes it or he need not return the Privileged Documents to the producing Party. The producing Party may file an appropriate motion, no later than ten (10) days following receipt of the receiving Party's written notice, requesting that the Court determine whether the receiving Party must return the Privileged Documents to the producing Party. During the pendency of such a motion, the receiving Party may not make any use of the Privileged Documents. If the producing Party fails to file such a motion within the prescribed time, the Privileged Documents need not be returned to the producing Party. In connection with a motion filed under this provision, the producing Party shall bear the burden of establishing by a preponderance of the evidence that the Privileged

Documents are protected under a privilege or the work product doctrine, and the receiving Party shall bear the burden of establishing by a preponderance of the evidence that such protection(s) have been waived.

20. The receiving Party and his or its agents agree to not use, copy, transfer, or distribute any information acquired from the Privileged Materials.

21. The receiving Party agrees that the producing Party's inadvertent production of any Privileged Documents shall not constitute a waiver of any relevant protection, including protection as attorney-client privileged materials or attorney work product, applicable to the Privileged Documents.

22. By signing below, counsel represent and warrant that they have discussed this Protective Order with their respective clients and that they are authorized to and do hereby bind their respective clients to the terms of this Protective Order. In the event that additional individuals or entities become parties to the Action, such Parties shall be required to agree in writing to the terms of this Protective Order prior to receiving any CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION, or any portion thereof.

23. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION shall be treated at trial.

24. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this __16__ day of January, 2009.

BY THE COURT:

_____
United States District Court Judge

Stipulated and agreed to by the parties
this 15th day of January, 2009:


/s/Lino S. Lipinsky de Orlov
Lino S. Lipinsky de Orlov, Esq.
Gregory S. Brow, Esq.
McKenna Long & Aldridge LLP
1875 Lawrence, Suite 200
Denver, Colorado 80202
Telephone: (303) 634-4000
Attorneys for Plaintiff, Taylor, Bean & Whitaker Mortgage Corp.


_____
Eric P. Accomazzo, Esq.
Eric R. Coakley, Esq.
Bloom Murr & Accomazzo, P.C.
410 17th Street, Suite 2400
Denver, Colorado 80202-4402
Telephone: (303) 534-2277
Attorneys for Defendant Clarion Mortgage Capital, Inc.


/s/Julie M. Walker
Julie M. Walker, Esq.
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone: (303) 244-1800
Attorneys for Defendant National City Mortgage Company

*/s/Richard I. Brown*
Richard I. Brown, Esq.
Adam Wiens, Esq.
Lottner Rubin Fishman Brown + Saul, P.C.
633 17th Street, Suite 2700
Denver, Colorado 80202
Telephone: (303) 292-1200
Attorneys for Defendants Upstreet Development, LLC and Jon C. Thompson


*/s/Robert T. McAllister*
Robert T. McAllister, Esq.
Robert T. McAllister, P.C.
5845 West Mansfield Avenue, Unit 259
Denver, Colorado 80235
Telephone: (720) 570-8892
Attorneys for Defendants Chris Foster and James Barnett

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2008-cv-01613-RPM-BNB

TAYLOR, BEAN & WHITAKER MORTGAGE GROUP., a Florida corporation,

    Plaintiff,

v.

CLARION MORTGAGE CAPITAL, INC., a Colorado corporation;
NATIONAL CITY MORTGAGE COMPANY, an Ohio corporation;
UPSTREET DEVELOPMENT, LLC, a Colorado limited liability company;
JON C. THOMPSON, individually;
LEGACY CONSTRUCTION SERVICES, LLC, a Colorado limited liability company;
CHRIS FOSTER, individually;
JAMES BARNETT, individually;
JEWELS DEVELOPMENT AND CONSTRUCTION SERVICES, LLC, a Colorado limited liability company;
CURT KARLEN, individually; and
BRYCE MOEDER, individually,

    Defendants.

---

### DECLARATION TO BE BOUND BY PROTECTIVE ORDER

---

The undersigned hereby affirms and states under penalty of perjury that he/she has read the PROTECTIVE ORDER entered by the Court on January ___, 2009 in the above captioned matter, that he/she is one of the persons contemplated in Paragraph 4 of the PROTECTIVE ORDER as authorized to receive disclosure of information designated as CONFIDENTIAL INFORMATION and/or that he/she is one of the persons contemplated in Paragraph 5 of the PROTECTIVE ORDER as authorized to receive disclosure of information designated as

ATTORNEYS' EYES ONLY INFORMATION, and that he/she fully understands and agrees to abide by the obligations and conditions of the PROTECTIVE ORDER, and hereby submits to the jurisdiction of the Court for purposes of enforcement of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

NAME: _____

COMPANY: _____

CASE INVOLVEMENT: _____

DATE: _____

SIGNATURE: _____

DN:32152932.5